UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
                                   :
JAMES M. BURKE, et al.,                :    Civil Action No.:  07-9909 (HB)
                                   :
                 Plaintiffs,       :    DOCUMENT ELECTRONICALLY
                                   :    FILED
       -against-                   :
                                   :
HESTIA HOLDINGS, LLC, et al.,      :
                                   :
                 Defendants.      :
                                   :
------------------------------------------------------------- x
                                   :
HESTIA HOLDINGS, LLC, et al.,      :
                                   :
                 Counterclaimants,      :
                                   :
       -against-                   :
                                   :
JAMES BURKE, et al.,               :
                                   :
                 Counterclaim Defendants.      :
                                   :
------------------------------------------------------------- x

---

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR PARTIAL DISMISSAL OF COUNTERCLAIMS

---

ENTWISTLE & CAPPUCCI LLP
280 Park Avenue, 26th Floor West
New York, New York 10017
(212) 894-7200

PHILLIPS MCFALL MCCAFFREY
  MCVAY & MURRAH, P. C.
Corporate Tower, 13th Floor
101 N. Robinson
Oklahoma City, Oklahoma 73102
(405) 235-4100

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ............................................................................................................................. 3

      POINT I.

      ALTERNATIVE PLEADING DOES NOT RESCUE
      THE DUPLICATIVE AND DEFECTIVE IMPLIED
      COVENANT AND FIDUCIARY DUTY CLAIMS ......................................................... 3

            A.     The Duplicative Breach of Implied
                   Covenant Claim Must Be Dismissed ......................................................... 5

            B.     The Repetitive Breach of Fiduciary Duty Claim
                   Is Trumped by the Primacy of Contract Law .............................................. 8

            C.     The Aiding and Abetting Breach of
                   Fiduciary Duty Claim Must Be Dismissed ............................................... 10

      POINT II.

      THE ARGUMENTS IN FAVOR OF THE
      PRIMA FACIE TORT CLAIM ARE UNAVAILING .................................................... 11

CONCLUSION ........................................................................................................................ 13

# <u>TABLE OF AUTHORITIES</u>

## <u>Federal Cases</u>

In re Adelphia Communications Corp.,
   2007 WL 2403553 (Bankr. S.D.N.Y. Aug. 17, 2007) ............................................................... 6

Allied Vision Group, Inc. v. RLI Professional Technologies, Inc.,
   916 F. Supp. 778, 782 (N.D. Ill. 1996) .......................................................................... 4

Alter v. Bogoricin,
   1997 WL 691332 (S.D.N.Y. Nov. 6, 1997) .................................................................. 6, 7

Goldblatt v. Englander Communications, L.L.C.,
   2007 WL 148699 (S.D.N.Y. Jan. 22, 2007) .......................................................... 6, 7

Gordon v. Matthew Bender & Co., Inc.,
   562 F. Supp. 1286 (D.C. Ill. 1983) ................................................................................ 4

Klusty v. Taco Bell Corp.,
   909 F. Supp. 516 (S.D. Ohio 1995) ............................................................................... 4

M-101, LLC v. iN Demand LLC,
   2007 WL 4258191 (S.D.N.Y. Dec. 3, 2007) ................................................................ 7

New Paradigm Software Corp. v. New Era of Networks, Inc.,
   107 F. Supp. 2d 325 (S.D.N.Y. 2000)........................................................................... 4

Samuels v. Old Kent Bank,
   1997 WL 458434 (N.D. Ill. Aug. 1, 1997) ................................................................... 4

W.S.A., Inc. v. ACA Corp.,
   1996 WL 551599 (S.D.N.Y. Sept. 27, 1996).............................................................. 7

Xpedior Creditor Trust v. Credit Suisse First Boston (USA) Inc.,
   341 F. Supp. 2d 258 (S.D.N.Y. 2004).......................................................................... 6

## <u>State Cases</u>

Gale v. Bershad,
   1998 WL 118022 (Del. Ch. Mar. 4, 1998).................................................................... 9

Izquierdo v. Sills,
   2004 WL 2290811 (Del. Ch. June 29, 2004)................................................................ 5, 6, 7

Kaye v. Pantone, Inc.,
    395 A.2d 369 (Del. Ch. 1978)...................................................................................... 12

Lessig Nuclear Associations, P.A. v. Meckelnburg,
    2003 WL 2549140 (Pa. Com. Pl. Feb. 21, 2003) ...................................................... 9

Lord v. Souder,
    748 A.2d 393 (Del. 2000). ......................................................................................... 11

Madison Realty Partners 7, LLC v. AG ISA, LLC,
    2001 WL 406268 (Del. Ch. April 17, 2001).......................................................... 8, 9

Nix v. Sawyer,
466 A.2d 407 (Del. Super. 1983) .................................................................................. 11

Solow v. Aspect Resources, LLC,
    2004 WL 2694916 (Del. Ch. Oct. 19, 2004) ......................................................... 8, 9

Stallings v. U.S. Electronics,
    270 A.D.2d 188  707 N.Y.S.2d 9 (lst Dep't 2000) .................................................. 11

## Rules

Fed. R. Civ. P. 8(a) ................................................................................................................ 3

Fed. R. Civ. P. 8(d)(2)........................................................................................................... 4

Fed. R. Civ. P. 8(e) ................................................................................................................ 3

## PRELIMINARY STATEMENT

Counterclaim Defendants respectfully submit this reply memorandum of law in further support of their motion to dismiss certain claims brought by Counterclaimants Hestia Holdings LLC, Eateries, Inc. and Fiesta Holdings, Inc. (collectively, "Purchasers" or "Counterclaimants").[1]  The overarching theme of the opposition -- that the motion to dismiss certain Counterclaims should be denied because Purchasers are permitted to plead in the alternative -- is without merit as a matter of law.  Moreover, it overlooks one simple fact.  To survive, those alternative theories of recovery must themselves be legally viable claims, which, here, they are not.  A litigant's latitude to plead in the alternative does not rescue duplicative, defective claims such as those stated in the Counterclaims.

As discussed below in Point I (A), the Purchasers' claim for breach of the implied covenant of good faith and fair dealing is fatally flawed.  That claim does not allege a separate specific implied contractual obligation; it merely parrots the Purchasers' claim for breach of the express, written contract.

The Purchasers' claim for breach of fiduciary duty against Counterclaim Defendant Edwards, and the claim for aiding and abetting against Mr. and Mrs. Orza are similarly flawed.  As discussed below in Point I (B), the breach of fiduciary duty claim against Mr. Edwards, literally cut and pasted from Purchasers' breach of employment contract claim, bears the same shortcomings and necessarily should meet the same fate.  It is clear under Delaware law that a plaintiff cannot proceed under a breach of fiduciary duty theory if that claim is duplicative of a breach of contract claim, because the primacy of contract law trumps fiduciary

---

[1]    Counterclaim Defendants are referred to alternatively throughout as Sellers.

law.  Where the same conduct is pled in both of those counts, the fiduciary breach claim must be dismissed.

   The prima facie tort claim is defective for a number of reasons.  As discussed below in Point II, Counterclaimants' apparent reliance on New York law, their failure to allege "otherwise lawful conduct" and the fact that the conduct alleged falls within the ambit of other recognized torts are all fatal.

## ARGUMENT

### POINT I.

### ALTERNATIVE PLEADING DOES NOT RESCUE THE DUPLICATIVE AND DEFECTIVE IMPLIED COVENANT AND FIDUCIARY DUTY CLAIMS

Purchasers begin their response by taking a swipe at Sellers' inability to read the Federal Rules of Civil Procedure, more particularly, Rule 8(a). At page 7 of their opposition brief, Purchasers state: "Though Sellers fatally ignore them in their motion, the Federal Rules require only `notice pleading´ -- a `short and plain statement of the claim.´ Fed. R. Civ. P. 8(a)." This passage is remarkable in light of the Counterclaims filed by Purchasers. In what can only be described as a "shotgun" pleading, each of the eleven counts of the 23-page, 166 paragraph Counterclaims incorporate all the allegations that come before it. Additionally, Purchasers use the word "Sellers" throughout the pleading with no effort to particularize the actual target of each particular attack. As stated with reference to a similar pleading:

> Formal pleading difficulties with Count Four include Plaintiffs' incorporation by reference in paragraph 13 of all the allegations in paragraphs 1 through 12 of the Complaint and inconsistent references to "Plaintiff" in the singular and "Plaintiffs" in the plural. The first of these difficulties is repeated throughout the Complaint where at the beginning of each Count, all prior averments are reincorporated. The Court understands the purpose of not repeating **factual** allegations, but what is the purpose of incorporating legal conclusions for one theory of recovery into a completely different theory of recovery? This violation of Fed. R. Civ. P. 8 (e) is parallel to the one committed by reincorporating all of the allegations of the original Complaint into the proposed amended complaint. Although this has become an unfortunately common pleading practice, it serves no useful purpose and defeats the purpose of Rule 8 for a plain and simple statement of claims.

Klusty v. Taco Bell Corp., 909 F. Supp. 516, 521 n.5 (S.D. Ohio 1995) (emphasis added).

Sellers' Motion is the result of Purchasers' own failure to read and comply with the Federal

Rules of Civil Procedure, including Rule 8(a).

       Purchasers' Opposition makes it even clearer that their claims for breach of the

implied obligation of good faith in Count II and breach of fiduciary duty in Count IV must be

dismissed for failure to state claims under Delaware law.  Their primary argument is that despite

the substantive policy of Delaware, they have the right to plead breach of contract and breach of

fiduciary duty (and, apparently, breach of implied covenant of good faith and fair dealing) claims

arising out of the exact same conduct as "alternate" claims under Fed. R. Civ. P. 8(d)(2).  The

suggestion that Purchasers' claims in Counts II and IV constitute permissible alternate pleadings

under Fed. R. Civ. P. 8(d)(2) is clearly without merit.  See New Paradigm Software Corp. v. New

Era of Networks, Inc., 107 F. Supp. 2d 325, 329 (S.D.N.Y. 2000).

       Moreover, Rule 8(d)(2) and, before it, Rule 8(e)(2), would not prevent the

dismissal of Counts II and IV of Purchasers' Counterclaims since that Rule "allows

inconsistency between claims, not inconsistency within a single contract claim."  Allied Vision

Group, Inc. v. RLI Professional Technologies, Inc., 916 F. Supp. 778, 782 (N.D. Ill. 1996);

see also Samuels v. Old Kent Bank, 1997 WL 458434, at *15 (N.D. Ill. Aug. 1, 1997)

("Significantly, however, plaintiffs have failed to plead alternative theories here.  On the

contrary, plaintiffs allege the existence of a contract in paragraphs 1-34 of the Amended

Complaint. Count IV (unjust enrichment) then incorporates these paragraphs."); Gordon v.

Matthew Bender & Co., Inc., 562 F. Supp. 1286, 1298-9 (D.C. Ill. 1983) ("Gordon has confused

the issue by asserting that Matthew Bender `misapprehends Mr. Gordon's right under the Federal

Rules of Civil Procedure [8(e)(2)] to plead in his complaint alternative legal grounds for

recovery´.  Such alternative claims might be stated if in Count IX Gordon alleged that no express agreement existed with regard either to commissions or pension benefits.  Instead he has pleaded the opposite").[2]

As discussed below, the duplicative and defective nature of the claims compels dismissal.

A.    **The Duplicative Breach of Implied Covenant Claim Must Be Dismissed**

As demonstrated in Sellers' Moving Brief, under Delaware law, "[i]t is well established that a party `cannot assert a claim for breach of [an] implied covenant [of good faith and fair dealing] that is based on exactly the same acts which are said to be in breach of express covenants.´" Izquierdo v. Sills, 2004 WL 2290811, at *13 (Del. Ch. June 29, 2004).  Tellingly, Purchasers make no effort to address Izquierdo until a footnote at the tail end of the discussion of this issue in their opposition brief.  There, they suggest that Izquierdo is distinguishable "because it was decided after considerable discovery."  See Memorandum of Law in Opposition to Motion for Partial Dismissal of Counterclaims ("Opp.") at p. 15 n. 8.  However, while a number of claims were decided in Izquierdo via summary judgment, the claim for breach of good faith to withstand a motion to dismiss was not one of them:  "[t]his Count [breach of implied covenant of good faith and fair dealing], by merely referencing conduct discussed in earlier counts and said to be in breach of express provisions of the [agreement], without more, cannot survive.  Defendants' motion to dismiss Count XXV is granted."

---

[2]    In Count II, Purchasers clearly allege that the breaches of the implied duty of good faith were also breaches of the express terms of the contracts between the parties by expressly incorporating all the preceding allegations of the Counterclaims into Count II.  In Count IV, Purchasers allege, directly and by incorporation, that the breaches of fiduciary duty relied upon are also breaches of the express terms of the employment contract and the Merger Agreement, as pleaded throughout the Counterclaims.

<u>Izquierdo</u>, at *13.

Purchasers insist that the "courts have repeatedly denied motions to dismiss on the grounds that a claim for breach of the covenant of good faith and fair dealing is duplicative of a claim for breach of contract." Opp. at pp. 12-13. Significantly, the case Purchasers cite for the proposition that breach of good faith and express contract claims can be asserted as "alternate" claims under Rule 8(e)(2), <u>Xpedior Creditor Trust v. Credit Suisse First Boston (USA) Inc.</u>, 341 F. Supp. 2d 258, 272 (S.D.N.Y. 2004), has been thoroughly rejected by other courts in this district:

> The Equity Committee relies on <u>Xpedior Creditor Trust v. Credit Suisse First Boston (USA) Inc.</u>, for the proposition that while the same operative facts cannot simultaneously give rise to claims for both implied and express covenants, the plaintiffs may, nevertheless, plead in the alternative. While <u>Xpedior</u> supports that argument, <u>Xpedior</u> is thin in its support for what it said, and numerous cases in this district have held the opposite: a claim for breach of implied covenant of good faith and fair dealing based on the same facts as a breach of contract claim asserted in the same complaint is redundant and must be dismissed on a motion to dismiss. The Court must agree with the majority of courts in this district, and dismiss the Equity Committee's claim for breach of the implied covenants of good faith and fair dealing against the Investment Banks.

<u>In re Adelphia Communications Corp.</u>, 2007 WL 2403553, at *8 (Bankr. S.D.N.Y. Aug. 17, 2007) (footnotes omitted) (emphasis added); <u>see also</u> <u>Goldblatt v. Englander Communications, L.L.C.</u>, 2007 WL 148699, at *5 (S.D.N.Y. Jan. 22, 2007) (noting that New York law does not recognize a separate cause of action for breach of implied covenant when it is based on the same facts as the breach of contract claim); <u>Alter v. Bogoricin</u>, 1997 WL 691332, at *7 (S.D.N.Y. Nov. 6, 1997) (dismissing breach of covenant claim as duplicative of breach of contract claim);

and W.S.A., Inc. v. ACA Corp., 1996 WL 551599, at *9 (S.D.N.Y. Sept. 27, 1996) (same proposition).

In Goldblatt, Judge Sweet was crystal clear on this proposition when he quoted Alter with approval: "'Every court faced with a complaint brought under New York law and alleging both breach of contract and breach of the implied covenant of good faith and fair dealing has dismissed the latter claim as duplicative.'" Goldblatt, 2007 WL 148699, at *5. The Goldblatt court further noted that "[t]he Defendant has used the same language for both the contract and implied covenant claims. Because the claims are not only similar, but based on identical allegations, the Defendant's counterclaim for breach of the implied covenant of good faith and fair dealing is dismissed." Id.

Purchasers citation to M-101, LLC v. iN Demand LLC, 2007 WL 4258191 (S.D.N.Y. Dec. 3, 2007) does nothing to advance their cause. While the court in that case refused to dismiss a claim for breach of good faith, it did so without citing to any authority, noting only that "defendant may assert [unspecified] technical defenses to the breach of contract claim . . . ." Id. at *3. The court noted that "this issue will not affect the scope of discovery" and that defendant can "renew its argument at summary judgment." Id. Clearly, M-101 was not intended to, nor does it, constitute precedent of any kind on this point.

Izquierdo and its clear statement that "[i]t is well-established that a party cannot assert a claim for breach of [an] implied covenant [of good faith and fair dealing] that is based on exactly the same acts which are said to be in breach of express covenants," stands unrefuted. Moreover, the better-reasoned cases within this District negate Purchasers' duplicative claim. Sellers respectfully submit that Count II of the Counterclaims must be dismissed.

**B.    The Repetitive Breach of Fiduciary Duty Claim
Is Trumped by the Primacy of Contract Law**

The alleged breaches of fiduciary duty in Count IV are identical to the alleged breaches of Mr. Edwards' employment contract in Count VI of the Counterclaims. Accordingly, as a matter of Delaware law, Count IV must be dismissed. Here, as in <u>Solow v. Aspect Resources, LLC</u>, 2004 WL 2694916, at *5 n. 33 (Del. Ch. Oct. 19, 2004), "the contract and fiduciary claims are pled in almost identical terms, with large portions of the contract claims merely copied and pasted into the fiduciary claims." In their Moving Brief, Sellers cited numerous cases and demonstrated that where the same conduct is alleged in support of a breach of contract claim and a breach of fiduciary obligation, the latter must be dismissed as a violation of the primacy of contract law over fiduciary law, and as a failure to state a cognizable breach of fiduciary duty. <u>See</u> Memorandum of Law in Support of Motion For Partial Dismissal of Counterclaims ("Moving Brief") at pp. 18-19.

In response, Purchasers do not, because they cannot, distinguish the cited cases and governing principle of Delaware law. They suggest that it is only when fiduciary duties are addressed in the contract, and in sufficiently specific language, that the fiduciary claim will be barred. They offer no authority or rationale for this view. Under Delaware law, it is sufficient that Purchasers expressly allege in the Counterclaims that the same conduct by Sellers constitutes both a breach of a fiduciary duty and a breach of the provisions of the express contract; the bar applies. <u>See, e.g.</u>, <u>Solow v. Aspect Resources, LLC</u>, 2004 WL 2694916, at *4 ("Solow alleges in Counts III, V, VII, and IX that the same allegedly bad acts discussed in Counts II, IV, VI, and VIII constitute breaches of fiduciary duty"); and <u>Madison Realty Partners 7, LLC v. AG ISA, LLC</u>, 2001 WL 406268, at *6 (Del. Ch. April 17, 2001). ("In this case, the contract and fiduciary claims overlap completely since they are based on the same underlying

8

conduct.  Indeed, the complaint uses identical conduct as the basis for both legal claims.")
Purchasers also improperly suggest that the Delaware bar on asserting fiduciary and contract
claims based on the same acts applies only when the person asserting the claims is a preferred
shareholder.  However, Purchasers offer neither analysis nor authority to justify such a view. [3]

      The inescapable fact is that the acts alleged in Count IV of the Counterclaims
(breach of fiduciary duty) are identical to the acts alleged in Count VI (breach of employment
contract).  Here, as in Solow, "the contract and fiduciary claims are pled in almost identical
terms, with large portions of the contract claims merely copied and pasted into the fiduciary
claims."  Solow, 2004 WL 2694916, at *5 n.33.  Accordingly, Purchasers "cannot advance a
claim based upon the contract between the parties while simultaneously stating a cause of action
for a breach of fiduciary duty that arises out of the same conduct as alleged in the breach count."
Lessig Nuclear Associations, P.A. v. Meckelnburg, 2003 WL 2549140 at p. 12 (Pa. Com. Pl.
Feb. 21, 2003) (applying Delaware law).

      We respectfully submit that Count IV must be dismissed.

---

[3]    This is amply illustrated by Purchasers' citation of Gale v. Bershad, 1998 WL 118022 (Del.
Ch. Mar. 4, 1998), on page 11 of their opposition brief.  In that case, Judge Jacobs dismissed a
breach of fiduciary duty claim in the context of the rights of preferred shareholders stating:  "To
allow a fiduciary duty claim to coexist in parallel with an implied contractual claim, would
undermine the primacy of contract law over fiduciary law in matters involving the essentially
contractual rights and obligations of preferred stockholders."  Id. at *5.  The irrelevance of the
plaintiffs' status as preferred stockholders is clear from the same Court's later decision in
Madison Realty Partners 7, LLC v. AG ISA, LLC, 2001 WL 406268 (Del. Ch. Apr. 17, 2001), at
*6.  In applying the same principle in a case not involving preferred shareholders, Judge Jacobs
drew on his pronouncement in Gale, but intentionally left out the reference to preferred
stockholders:  "The Bershad Court held that `[t]o allow a fiduciary duty claim to coexist in
parallel with [a contractual] claim, would undermine the primacy of contract law over fiduciary
law in matters involving . . . contractual rights and obligations.'"  Id..  Clearly the presence or
absence of preferred stockholder status is irrelevant to this point of Delaware law.

**C.     The Aiding and Abetting Breach of**
**<u>Fiduciary Duty Claim Must Be Dismissed</u>**

Purchasers do not challenge Sellers' argument that the aiding and abetting breach of fiduciary duty claim against Mr. and Mrs. Orza is not a stand-alone count, which necessarily fails if the principal breach of fiduciary duty claim against Edwards is dismissed.  Accordingly, Sellers respectfully submit that if the breach of fiduciary duty claim against Edwards is dismissed, then the aiding and abetting claim should follow suit.

## POINT II.

## THE ARGUMENTS IN FAVOR OF THE
## PRIMA FACIE TORT CLAIM ARE UNAVAILING

Purchasers affirmatively cite no Delaware law in support of their prima facie tort claim and rely solely on New York law as the basis for their alternative pleading argument.  Opp. at 15.  To the extent that their reliance on New York law suggests that New York law governs this cause of action, the dispute is merely academic.  Under New York law, it is beyond doubt that a plaintiff claiming a prima facie tort must allege that the defendant acted with "disinterested malevolence," or put another way, that the acts were undertaken solely to target or harass the plaintiff.  See Stallings v. U.S. Electronics, 270 A.D.2d 188, 189, 707 N.Y.S.2d 9, 10-11 (lst Dep't 2000) (plaintiff failed to state a cause of action for prima facie tort where she did not allege "disinterested malevolence.")  Here Purchasers allege that Sellers undertook acts for the lone benefit of padding their bottom line:  "[t]his harm . . . was done solely to increase Sellers' proceeds from the Sale at the expense of the Company."  See Counterclaims, at ¶ 113.  The failure to allege disinterested malevolence alone dooms this claim to failure.

Purchasers next argue that there is no case law available to help a court decipher the "contours of conduct sufficiently `unlawful´ as to foreclose a claim for prima facie tort."  See Opp. at p. 16 (emphasis added).  That is of no consequence, however, because the touchstone of a prima facie tort claim is not whether the acts undertaken were "unlawful" as Purchasers contend, but whether they were "otherwise lawful."  See Lord v. Souder, 748 A.2d 393, 402-03 (Del. 2000).  This turn of phrase is a red herring and should be dismissed out of hand.  The two seminal Delaware cases discussing the prima facie tort both concern situations where the actors in question both undertook lawful acts and neither case bears any resemblance to the Counterclaimants' allegations.  In Nix v. Sawyer, 466 A.2d 407, 412 (Del. Super. 1983) the

11

otherwise lawful act undertaken was the justifiable institution of a lawsuit.  Next, in <u>Kaye v. Pantone, Inc.</u>, 395 A.2d 369, 373 (Del. Ch. 1978), the lawful act occurred when a shareholder invoked his statutorily sanctioned right of appraisal.  Neither of those cases discusses "unlawful acts," as in the argument espoused by Purchasers, and for that reason, Sellers respectfully submit that Purchasers' claim for prima facie tort must be dismissed.

Purchasers also attempt to side-step the requirement that a claim for prima facie tort allege conduct outside the ambit of other recognized torts.  In defense of their position they point to the fact that out of all of the Counterclaim Defendants, they have only lodged another tort cause of action -- namely fraud -- against a single other defendant, J. B. Edwards.  Notwithstanding the fact that this is a clear admission that the prima facie tort claim against Edwards falls within the ambit of another recognized tort -- thereby <u>removing</u> it <u>from</u> <u>viability</u> -- their argument overlooks the fact that the allegations underpinning the prima facie tort claim against all of the Counterclaim Defendants clearly outline other torts, a fact which necessarily negates this cause of action as to all Counterclaim Defendants.  <u>See, e.g.</u>, Counterclaims, at ¶¶ 70-94 and 112 (alleging "various instances and types of malfeasance and fraud" against Sellers.)  It is the conduct alleged that matters, not how it is labeled and clearly, as demonstrated in our moving brief, the intentional acts at the heart of the prima facie tort claim fall squarely within the parameters of more traditional torts.

<u>**CONCLUSION**</u>

For the reasons set forth above, as well as those set forth in their primary moving papers, the Counterclaim Defendants respectfully request that the Court enter an Order dismissing Count II (Breach of Good Faith), Count III (Prima Facie Tort), Count IV (Breach of Fiduciary Duty) and Count V (Aiding and Abetting Breach of Fiduciary Duty) of the Counterclaims.

Dated:  March 7, 2008
        New York, New York

Respectfully submitted,

ENTWISTLE & CAPPUCCI LLP

By:      /s/ William S. Gyves
         William S. Gyves
         Robert M. Travisano
         280 Park Avenue, 26th Floor West
         New York, New York 10017
         Telephone:  (212) 894-7200
         Facsimile:  (212) 894-7272
         wgyves@entwistle-law.com
         rtravisano@entwistle-law.com

         Michael R. Perri
         Robert J. Campbell
         Wendy P. Higgins
         PHILLIPS MCFALL MCCAFFREY
         MCVAY & MURRAH, P. C.
         Corporate Tower, 13th Floor
         101 N. Robinson
         Oklahoma City, Oklahoma 73102
         Telephone:  (405)235-4100
         Facsimile:  (405)235-4133
         mrperri@phillipsmcfall.com
         rjcampbell@phillipsmcfall.com
         wphiggins@phillipsmcfall.com

         Attorneys for Plaintiffs and
         Counterclaim Defendants

13