UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
: 
JAMES M. BURKE, et al.,                        : Civil Action No.:  07-9909 (HB)
:
             Plaintiffs,               :
:
  -against-                                          :
:
HESTIA HOLDINGS, LLC, et al.,                  :
:
             Defendants.               :
:
------------------------------------------------------------- x
:
HESTIA HOLDINGS, LLC, et al.,                  :
:
             Counterclaimants,         :
:
  -against-                                          :
:
JAMES BURKE, et al.,                           :
:
             Counterclaim Defendants.  :
:
------------------------------------------------------------- x

_____

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO AMEND THEIR COMPLAINT**
_____

                                                ENTWISTLE & CAPPUCCI LLP
                                                280 Park Avenue, 26th Floor West
                                                New York, New York 10017
                                                (212) 894-7200

                                                PHILLIPS MCFALL MCCAFFREY
                                                 MCVAY & MURRAH, P. C.
                                                Corporate Tower, 13th Floor
                                                101 N. Robinson
                                                Oklahoma City, Oklahoma 73102
                                                (405) 235-4100

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 3

    A.    Nature of the Action................................................................................................ 3

    B.    The Proposed Amendment...................................................................................... 3

    C.    Procedural History ................................................................................................. 4

ARGUMENT .............................................................................................................................. 4

    POINT I.

    THE PROPOSED AMENDMENT
    PASSES MUSTER UNDER RULE 15 ................................................................................ 4

        1.    The Proposed Amendment
             Will Cause No Undue Delay...................................................................... 5

        2.    The Proposed Amendment Will
             Cause No Prejudice to the Defendants....................................................... 5

        3.    The Proposed Amendment Is Not Futile ................................................... 6

    POINT II.

    THE PROPOSED AMENDMENT
    PASSES MUSTER UNDER RULE 20 ................................................................................ 7

CONCLUSION........................................................................................................................... 9

## **TABLE OF AUTHORITIES**

### **Cases**

American Home Assurance Co. v. Merck & Co.,
   2004 WL 2149103 (S.D.N.Y. Sept. 24, 2004)............................................................... 7

Block v. First Blood Assocs.,
   988 F.2d 344 (2d Cir. 1993).......................................................................................... 5

Brezel v. Deloitte & Touche, LLP,
   2004 WL 253284 (S.D.N.Y. Feb. 10, 2004)................................................................. 4

Cline v. 1-888 Plumbing Group, Inc.,
   2000 WL 342689 (S.D.N.Y. Mar. 30, 2000) ............................................................ 6, 7

Fei v. WESTLB AG,
   2008 WL 594768 (S.D.N.Y. Mar. 5, 2008) .................................................................. 5

First Toronto Grp., Inc. v. Hardage Grp. of Cos., Inc.,
   1996 WL 476902 (S.D.N.Y. August 21, 1996) ........................................................... 7

Foman v. Davis,
   371 U.S. 178 (1962)................................................................................................... 5, 6

IslandQueenSteamboat Co. v. Shearson Lehman Bros., Inc.,
   1988 WL 159164 (S.D.N.Y. Aug. 29, 1988)............................................................... 4

Monahan v. New York City Dep't of Corrections,
   214 F.3d 275 (2d Cir.), cert. denied, 531 U.S. 1035 (2000) ........................................ 5

### **Rules**

Fed. R. Civ. P. 15(a) ................................................................................................... 1, 4

Fed. R. Civ. P. 20(a) ............................................................................................ 1, 2, 6, 7

**PRELIMINARY STATEMENT**

Plaintiffs James M. Burke and Bradley L. Grow, in their capacity as Sellers' Representatives, respectfully submit this memorandum of law in support of their motion pursuant to Rules 15(a) and 20(a) for leave to amend their Complaint to include a tortious interference count against proposed defendant Cordova, Smart & Williams, LLC ("CSW")[1]. CSW plays a critical role in the management of the restaurant chains that are at the center of this litigation. It is those activities of CSW, after the closing of the sale, that Count Two of the proposed First Amended Complaint ("FAC") targets. Plaintiffs submit that CSW interfered with the very contract that is the subject of Plaintiffs' breach of contract claim against the Defendants.

The legal and factual justifications for Plaintiff's proposed amendment are beyond dispute. As discussed below in Point I, the proposed amendment plainly passes muster under Rule 15(a). Plaintiffs have not been dilatory in seeking leave to amend the Complaint. In fact, this motion is being made within the time frame agreed to by the parties and "so ordered" by the Court. Further, in seeking to amend their Complaint, Plaintiffs are not acting in bad faith. Plaintiffs have a demonstrably valid basis in law and fact for asserting the tortious interference claim against CSW. Moreover, Defendants will not be prejudiced by an amendment to Plaintiffs' Complaint, as this litigation is still in its earliest stages, with the parties having only exchanged initial disclosures -- and CSW has been involved in the Defendants' operations since the merger in December, 2006. Finally, the proposed amendment is not futile. Even a cursory review of the proposed amendment reveals that plaintiffs have made out a legally viable tortious interference claim against CSW.

---

[1] The proposed FAC is attached as Exhibit A to the accompanying Declaration of Robert M. Travisano, Esq.

As discussed below in Point II, the joinder of CSW also passes muster under Rule 20(a). Plaintiffs' proposed claim against CSW arises out of the same transactions and occurrences they claim against the other Defendants. In short, the proposed tortious interference claim against CSW arises out of the same contract for the sale of the restaurant chains that is the subject of the breach of contract claim against the other Defendants. As a matter of logic and judicial economy, all of these claims should be resolved within the context of a single litigation.

## STATEMENT OF FACTS

### A. Nature of the Action

This action arises out of the sale of three restaurant chains which operate throughout the United States. See Declaration of Robert M. Travisano, Esq. ("Travisano Decl.") at ¶ 5. That sales transaction was memorialized in an Agreement and Plan of Reorganization and Merger by and between Plaintiffs and Defendants (the "Agreement"), which closed on or about December 26, 2006. See Proposed First Amended Complaint ("FAC") at Preamble Paragraph, attached as Ex. A to Travisano Decl. As part of the consideration for the sale of the restaurant chains, Defendants were to issue $5 million in "Earnout Notes" to the Plaintiffs, which they have failed to do. Id., ¶¶ 11-12. It is that $5 million, plus other consideration for the sale of the chains, which Plaintiffs seek to recover through their single one-count breach of contract claim against the Defendants. Defendants, on the other hand, have asserted a raft of Counterclaims in response to this simple breach of contract action brought by Plaintiffs. See Travisano Decl., ¶¶ 8-9.

### B. The Proposed Amendment

The proposed First Amended Complaint seeks to add a single count for tortious interference with the Agreement against a single new party, CSW. The Second Count of the FAC alleges that, at all relevant times, Plaintiffs and Defendants had a valid contract, i.e., the Agreement, and that CSW had full knowledge of that contract. See Ex. A at ¶¶ 16-18. It further asserts that CSW intentionally and improperly interfered with the terms of the Agreement, thereby resulting in a breach of that Agreement by the other Defendants, and causing damage to Plaintiffs. Id. at ¶¶ 19-20.

3

C.   **Procedural History**

Significantly for purposes of this motion, the parties are only at the preliminary stages of this litigation. Plaintiffs commenced this action against Defendants on November 8, 2007. See Travisano Decl., ¶ 13. On or about November 29, 2007, Defendants filed their answer and a multi-count counterclaim. Id. at ¶ 14. The parties exchanged their Rule 26(a) initial disclosures on or about February 8, 2008. Id. at ¶ 15. Plaintiffs/Counterclaim Defendants next moved to dismiss certain of the counterclaims. That motion was fully submitted on March 7, 2008. Id. at ¶ 16. Thereafter, the parties engaged in prolonged settlement discussions which did not reach fruition. Id. at ¶ 16. That motion has been held in abeyance pending settlement talks. Id. at 18. Plaintiffs/Counterclaim Defendants expect to serve their initial interrogatories and document demands upon Defendants and Counterclaimants within the week. Id. at ¶ 20. To date, Defendants have served no discovery upon Plaintiffs or Counterclaim Defendants. Id.

**ARGUMENT**

**POINT I.**

**THE PROPOSED AMENDMENT
PASSES MUSTER UNDER RULE 15**

Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The courts consistently have construed this Rule liberally. See IslandQueenSteamboat Co. v. Shearson Lehman Bros., Inc., 1988 WL 159164, at * 3 (S.D.N.Y. Aug. 29, 1988) ("Rule 15 is to be liberally construed and in the absence of undue prejudice or other compelling circumstances, should be routinely granted"). Moreover, the "'Supreme Court has emphasized that amendment should normally be permitted'" and that it is "'rare'" for leave to be denied. Brezel v. Deloitte & Touche, LLP, 2004 WL 253284, at * 1 (S.D.N.Y. Feb. 10, 2004). Indeed, the Second Circuit has instructed that "Rule 15's mandate

4

must be obeyed" absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." Monahan v. New York City Dep't of Corrections, 214 F.3d 275, 283 (2d Cir.), cert. denied, 531 U.S. 1035 (2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); Fei v. WESTLB AG, 2008 WL 594768, at *2 (S.D.N.Y. Mar. 5, 2008)..

As demonstrated below, there is no basis for opposing this motion.

### 1. The Proposed Amendment Will Cause No Undue Delay

There has been no undue delay in Plaintiffs' attempts to secure leave to amend their pleadings. This application is being made within the time frame stipulated to by the parties and so ordered by the Court. See Travisano Decl. at ¶ 19. Moreover, the proposed defendant CSW has been involved with the operations and management of Defendants since the transaction closed and presumably has been versed in the goings-on of this litigation throughout its pendency. Id. at ¶¶ 11 and 21.

### 2. The Proposed Amendment Will Cause No Prejudice to the Defendants

Defendants will not be prejudiced by the proposed amendment. In determining what constitutes "prejudice" in this context, the courts consider whether the assertion of the new claim would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or otherwise significantly delay the resolution of the dispute. See Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). A further amendment of pleading would cause no conceivable prejudice to any of the Defendants.

This matter is still in its early stages, due largely to lengthy settlement discussions of the parties. See Travisano Decl., ¶¶ 12, 17. Defendants have yet to serve any discovery demands and Plaintiffs expect to serve discovery within a week's time. Id. at ¶ 20. No

depositions have been noticed or scheduled.  Id.  Further, the addition of CSW will not alter the Court's jurisdiction over this matter.  Id. at ¶ 22.  In short, the proposed amendment will have no impact whatsoever on the progress of this litigation or Defendants' ability to defend themselves efficiently and effectively.

### 3. The Proposed Amendment Is Not Futile

Finally, the proposed amendment is not futile.  For the purposes of a Rule 15(a) motion, a proposed amendment is considered "futile" if it cannot survive a motion to dismiss.  In considering whether a proposed amendment is futile, the courts construe the proposed claim in the light most favorable to the plaintiff and leave to amend is denied only if the plaintiff can prove no set of facts which would entitle it to relief.  Cline v. 1-888 Plumbing Group, Inc., 2000 WL 342689, at * 2 (S.D.N.Y. Mar. 30, 2000).  This liberal standard reflects the Supreme Court's instruction that on a Rule 15(a) motion, "[i]f the underlying facts and circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  Foman, 371 U.S. at 182.

What plaintiffs propose to do here is simply assert a straightforward tortious interference claim against CSW.  This proposed claim targets the entity that has had a large hand in the operations and management of Defendants since the closing of the Agreement and is related to the very same Agreement which Plaintiffs claim Defendants breached.  Without question, Plaintiffs have made out the requisite elements sufficient to allege a claim of tortious interference against CSW.

6

## POINT II.

### THE PROPOSED AMENDMENT
### PASSES MUSTER UNDER RULE 20

Plaintiffs' attempt to add CSW as a party plainly passes muster under Fed. R. Civ. P. 20(a). Rule 20(a), in relevant part, provides that:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

Rule 20(a) is liberally interpreted to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding. See American Home Assurance Co. v. Merck & Co., 2004 WL 2149103, at * 2 (S.D.N.Y. Sept. 24, 2004). The very purpose of joinder under Rule 20(a) "is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." Cline, 2000 WL 342689, at *2; see also First Toronto Grp., Inc. v. Hardage Grp. of Cos., Inc., 1996 WL 476902, at *1 (S.D.N.Y. August 21, 1996) ("Plaintiffs are permitted to join parties as defendants where claims arise out of the same series of transactions and common issues of fact and law exist.").

The proposed claim against CSW arises essentially out of the same transactions and occurrences that provide the basis for the claim now pending against Defendants (namely that CSW interfered with and caused the other Defendants to breach the very Agreement which is at issue in Count One of the FAC). In short, both counts arise out of the contract governing

7

the sale of the subject restaurant franchises. Consistent with the letter and spirit of Rule 20(a), CSW should be joined as a defendant in this action and made to answer for its conduct in this lawsuit.

## **CONCLUSION**

For the reasons set forth above, plaintiffs respectfully request that the Court grant their motion seeking an order pursuant to Fed. R. Civ. P. 15(a) and 20 granting them leave to add CSW as a new party.

Dated: New York, New York
       May 29, 2008

        Respectfully submitted,

        ENTWISTLE & CAPPUCCI LLP

By:    s/ William S. Gyves
       William S. Gyves
       Robert M. Travisano
       280 Park Avenue, 26th Floor West
       New York, New York 10017
       Telephone: (212) 894-7200
       Facsimile: (212) 894-7272
       wgyves@entwistle-law.com
       rtravisano@entwistle-law.com

       Michael R. Perri
       Robert J. Campbell
       Wendy P. Higgins
       PHILLIPS MCFALL MCCAFFREY
       MCVAY & MURRAH, P. C.
       Corporate Tower, 13th Floor
       101 N. Robinson
       Oklahoma City, Oklahoma 73102
       Telephone: (405) 235-4100
       Facsimile: (405) 235-4133
       mrperri@phillipsmcfall.com
       rjcampbell@phillipsmcfall.com
       wphiggins@phillipsmcfall.com

       (Admitted <u>Pro Hac Vice</u>)

       Attorneys for Plaintiffs and
       Counterclaimants