UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

JAMES M. BURKE, et al.,                :   Civil Action No.:  07-9909 (HB)

              Plaintiffs,     :

   -against-              :   **DECLARATION OF**
                     :   **ROBERT M. TRAVISANO**
HESTIA HOLDINGS, LLC, et al.,   :   **IN SUPPORT OF MOTION**
                     :   **FOR LEAVE TO FILE AN**
          Defendants.    :   **AMENDED COMPLAINT**

                     :

------------------------------------------------------------- x

                     :

HESTIA HOLDINGS, LLC, et al.,   :

                     :

           Counterclaimants,   :

                     :

   -against-              :

                     :

JAMES BURKE, et al.,          :

                     :

          Counterclaim Defendants.   :

                     :

------------------------------------------------------------- x

       ROBERT M. TRAVISANO, pursuant to 28 U.S.C. § 1746, being of full age, hereby declares as follows:

       1.     I am an attorney at law duly admitted to practice before this Court and am an associate at the law firm of Entwistle & Cappucci LLP, attorneys for Plaintiffs and Counterclaim Defendants in the above-captioned matter. I am familiar with the facts and circumstances set forth herein.

       2.     I respectfully submit this Declaration in support of Plaintiffs' motion for leave to amend their Complaint to add one count alleging tortious interference with a contract against Cordova, Smart & Williams, LLC ("CSW"), a new party to this matter.

3.      Pursuant to the stipulation entered into by the parties and "so ordered" by this Court, the deadline for adding new parties was extended up to and including May 29, 2008. This motion is being made within that agreed upon time frame.

4.      Attached hereto as Exhibit A is the proposed First Amended Complaint ("FAC") which contains in its Second Count a claim against CSW for tortiously interfering with the Merger Agreement which governs the relationship among the existing parties.

**Nature of the Action**

5.      This dispute arises out of the sale of three restaurant chains operating throughout the United States.

6.      The transaction was memorialized in a Merger Agreement (the "Agreement"), which closed in December of 2006.

7.      Although the Purchasers (Defendants/Counterclaimants) and Sellers (Plaintiffs/Counterclaim Defendants) once viewed the $30 million transaction as mutually advantageous, they now both claim to be aggrieved.

8.      Sellers have lodged a simple one count breach of contract claim seeking payment on $5 million in earn out notes which Purchasers have failed to issue as part of the sale transaction, in addition to other consideration.

9.      In contrast, Purchasers have asserted a multi-count Counterclaim asserting a host of fraud, breach of contract and fiduciary duty violations against Sellers.

**The Party Plaintiffs Seek to Join**

10.     CSW is a private equity investment firm which, according to its website, invests in fundamentally sound, middle market companies with revenues between $25 million and $350 million.  Once CSW closes a transaction, the website further states, it works with management through a "jointly developed engagement plan" which seeks to develop a "mutually

2

beneficial framework for identifying opportunities and challenges, delivering strategic guidance, and providing members mentoring and other support as needed."

        11.     CSW has been an investor in Defendants from the time this transaction closed in December, 2006.  In fact, three of its personnel now sit on Defendant Eateries, Inc.'s board of directors and CSW was to receive a large fee for its involvement in the management and operations of Defendants.

### No Prejudice Will Result From the Proposed Amendment

        12.     This litigation remains in its preliminary stages.  Although initial disclosure has been provided by both parties, prolonged settlement discussions have somewhat slowed additional discovery.

        13.     Plaintiffs' first commenced this action November 8, 2007 by filing their Complaint.

        14.     On or about November 29, 2007, Defendants filed their answer and asserted a multi-count Counterclaim against Plaintiffs as well as several other parties to the Merger Agreement.

        15.     The parties then exchanged Rule 26 Initial Disclosures on or about February 8, 2008.

        16.     Plaintiffs/Counterclaimants moved to dismiss several counts of the Counterclaim and that motion was fully submitted on or about March 7, 2008.

        17.     Thereafter, the parties engaged in lengthy settlement discussions which never came to fruition.

        18.     The motion to dismiss has been held in abeyance pending the aforementioned settlement discussions.

19.     During those discussions, the parties filed two stipulations which were "so ordered" by the Court to extend the time within which to add new parties to this matter. The second of those stipulations provides an extension up to and including May 29, 2008.

20.     Due to the prolonged settlement talks, the parties have not exchanged paper discovery or scheduled any depositions, though Plaintiffs/Counterclaim Defendants expect to serve interrogatories and document demands within the week.

21.     Moreover, because this matter is in its relatively early stages and because it is presumed CSW has been actively involved in the operations and management of Defendants from the time this transaction closed, it is respectfully submitted that Defendants will not be prejudiced by the addition of CSW as a party at this point in the case.

22.     Finally, the addition of CSW will not alter the Court's jurisdiction over this matter.

### Conclusion

23.     For the reasons set forth above, as well as those contained in the accompanying memorandum of law, Plaintiffs respectfully request that the Court grant them leave to amend their Complaint to add one count for tortious interference against Cordova, Smart & Williams, LLC, a new party to this litigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 29, 2008

_____
ROBERT M. TRAVISANO

4