# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

| | |
|---|---|
| JAMES M. BURKE and BRADLEY L. GROW, as the designated Sellers' Representatives, under that certain Agreement and Plan of Reorganization and Merger by and between Eateries Holdings, LLC, Eateries, Inc., Fiesta LLC, and the members of Eateries Holdings, LLC, on the one hand, and Hestia Holdings, LLC, Eateries Merger Sub, Inc. and Fiesta Merger Sub, Inc., on the other hand, dated as of December 26, 2006, <br><br>                   Plaintiffs, <br><br> -against- <br><br> HESTIA HOLDINGS, LLC, a Delaware Limited Liability Company, EATERIES, INC., a Delaware corporation, FIESTA HOLDINGS, INC., a Delaware corporation and CORDOVA, SMART & WILLIAMS, LLC, a Delaware Limited Liability Company, <br><br>                   Defendants. | Civil Action No.: 07-9909 (HB) <br><br><br><br><br><br><br> **[PROPOSED] FIRST** <br> **AMENDED COMPLAINT** |

-------------------------------------------------------------- X

Plaintiffs, James M. Burke and Bradley L. Grow, as the designated Sellers' Representatives, under that certain Agreement and Plan of Reorganization and Merger by and between Eateries Holdings, LLC, Eateries, Inc., Fiesta, LLC, and the members of Eateries Holdings, LLC (collectively "Plaintiffs"), on the one hand, and Hestia Holdings, LLC, Eateries Merger Sub, Inc., and Fiesta Merger Sub, Inc. (collectively "Hestia Defendants"), on the other hand, dated as of December 26, 2006, allege and state as follows:

## JURISDICTION AND VENUE

1.      Plaintiffs James M. Burke and Bradley L. Grow are residents and citizens of the State of Oklahoma, residing in Oklahoma County, Oklahoma.

2. During all periods relevant to this matter, Defendant Hestia Holdings, LLC, was a Delaware limited liability company, with its principal place of business in New York.

3. During all periods relevant to this matter, Defendant Eateries, Inc., was a Delaware corporation, with its principal place of business in Texas.

4. During all periods relevant to this matter, Defendant Fiesta Holdings, Inc. was a Delaware corporation, with its principal place of business in Delaware.

5. During all periods relevant to this matter, Defendant Cordova, Smart & Williams, LLC, was a Delaware limited liability company, with its principal place of business in New York.

6. Plaintiffs maintain this action as the designated Sellers' Representatives under that certain Agreement and Plan of Reorganization and Merger by and between Eateries Holdings, LLC, Eateries, Inc., Fiesta, LLC, the members of Eateries Holdings, LLC ("Holdings") (collectively "Sellers"), Hestia Holdings, LLC ("Purchaser"), Eateries Merger Sub, Inc., and Fiesta Merger Sub, Inc. dated as of December 26, 2006 (the "Agreement") by which Purchaser, through the merger and other "Contemplated Transactions" described therein acquired the subsidiaries of Holdings (the "Transaction").

7. This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C.A. § 1332 (a)(1), because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the named Plaintiffs are citizens of a state different than that of the Defendants. Further, Hestia Defendants consent to the jurisdiction of this Court pursuant to Section 13.3 of the Agreement.

8. Venue is proper for all Defendants in the Southern District of New York under 28 U.S.C.A. § 1391 and pursuant to Section 13.3 of the Agreement for the Hestia Defendants.

## COUNT ONE

**(Breach of Contract as to Hestia Defendants)**

9. The allegations contained in paragraphs 1 through 8, inclusive, are incorporated herein by reference.

10. Pursuant to Sections 2.2, 2.3 and 2.7 of the Agreement, Plaintiffs earned additional consideration and are therefore entitled to certain "Earnout Notes" under the Agreement.

11. Pursuant to Sections 2.2(g)(iii) and 2.3 (g)(i)(C), the Defendants were obliged to issue Five Million Dollars ($5,000,000) of "Earnout Notes" to Plaintiffs.

12. Plaintiffs have made demand upon Defendants that the "Earnout Notes" be issued to Plaintiffs in accordance with the terms of the Agreement. However, Defendants have failed and refuse to issue such "Earnout Notes" and are, therefore, in default.

13. Plaintiffs are entitled to specifically enforce the contract terms pursuant to Section 13.15 of the Agreement.

14. Plaintiffs are also entitled to indemnification to recover their losses, including the fees and costs incurred in maintaining this action, pursuant to Article 10 of the Agreement.

## COUNT TWO

**(Tortious Interference With Contract as to CSW)**

15. Paragraphs 1 through 14 are incorporated, as if fully set forth herein, by reference.

16. At all pertinent times, a valid Agreement existed between Plaintiffs, on one hand, and the Hestia Defendants, on the other.

17. Defendant, Cordova, Smart & Williams, LLC ("CSW") had full knowledge of Plaintiffs' contractual expectancies.

18. In particular, CSW had full knowledge of Plaintiffs' expectancy that the Hestia Defendants were obliged to issue Five Million Dollars ($5,000,000) of "Earnout Notes" to Plaintiffs.

19. CSW intentionally, maliciously and wrongfully, without justification, privilege, or excuse, interfered with the contractual and business relationship between Plaintiffs and the Hestia Defendants and caused the Hestia Defendants to breach the terms of the Agreement, thereby causing injury to Plaintiffs.

20. CSW willfully engaged in tortious interference with Plaintiffs' contractual and business relationship, acted in bad faith and in conscious or reckless disregard of the rights of Plaintiffs for which Plaintiffs are entitled to recover compensatory and punitive damages in amounts in excess of $100,000 from CSW for their tortious conduct, along with such other and further relief as the Court may find just and proper, including but not limited to costs and attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the Court:

1. Enter judgment in favor of the Plaintiffs and against the Hestia Defendants by entering an award for Plaintiffs for specific performance, directing that the Hestia Defendants issue the "Earnout Notes" in the amount of Five Million Dollars ($5,000,000) and award interest allowed by law;

2. Enter and Order judgment in favor of Plaintiffs and against Defendant CSW awarding actual and punitive damages;

3. Enter and Order directing Hestia Defendants and CSW to pay the court costs, expert fees, litigation costs and attorneys' fees of the Plaintiffs; and granting Plaintiffs any other relief to which they or it may be entitled under the law.

Dated: May 29, 2008

ENTWISTLE & CAPPUCCI LLP

By:    s/ William S. Gyves
William S. Gyves
Robert M. Travisano
280 Park Avenue, 26th Floor West
New York, New York 10017
Telephone: (212) 894-7200
Facsimile: (212) 894-7272
wgyves@entwistle-law.com
rtravisano@entwistle-law.com

Michael R. Perri
Robert J. Campbell
Wendy P. Higgins
PHILLIPS MCFALL MCCAFFREY
MCVAY & MURRAH, P. C.
Corporate Tower, 13th Floor
101 N. Robinson
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
mrperri@phillipsmcfall.com
rjcampbell@phillipsmcfall.com
wphiggins@phillipsmcfall.com

(Admitted Pro Hac Vice)

Attorneys for Plaintiffs and
Counterclaim Defendants