Thomas E.L. Dewey (TD-6243)
Stephen M. Kramarsky (SK-6666)
DEWEY PEGNO & KRAMARSKY LLP
220 East 42nd Street
New York, New York 10017
(212) 943-9000
*Attorneys for Defendants and Counterclaimants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES BURKE and BRADLEY L. GROW,
    as the designated Sellers' Representatives, etc.,

                    Plaintiffs,

    -against-

HESTIA HOLDINGS, LLC, EATERIES, INC. and
FIESTA HOLDINGS, INC.,
                    Defendants.

---

HESTIA HOLDINGS, LLC, EATERIES, INC. and
FIESTA HOLDINGS, INC.,

                    Counterclaimants,

    -against-

JAMES BURKE and BRADLEY L. GROW, as the
designated Sellers' Representatives, EATERIES
HOLDINGS, LLC, THE BURKE FAMILY, LLC,
BRADLEY L. GROW, THE GROW FAMILY LLC, THE
BRADLEY L. GROW REVOCABLE TRUST, VINCENT
F. ORZA, PATRICIA L. ORZA, PATRICIA LANDI
ORZA TRUST, ALEXANDRA MARIA ORZA TRUST,
PATRICIA L. ORZA TRUST, VINCENT F. ORZA JR.
TRUST, PRESTON STOCKTON, J.B. EDWARDS,
DOUG DAVIS, PHILLIPS, MCFALL, MCCAFFREY,
MCVAY & MURRAH 401K PROFIT SHARING PLAN,
D. KEITH MCFALL, and BILL TOTTY,

                  Counterclaim Defendants.

Civ. No. 07-9909 (HB)

**MEMORANDUM OF LAW IN
OPPOSITION TO MOTION
FOR LEAVE TO AMEND
COMPLAINT**

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ................................................................................................. ii

Preliminary Statement......................................................................................................... 1

Argument ............................................................................................................................ 2

    A.    Sellers' Purported "Tortious Interference" Claim Against CSW Would Not Survive A Motion To Dismiss ....................................................................... 3

    B.    Sellers' Proposed Amendment Is Made In Bad Faith And After Undue Delay ................................................................................................................... 6

Conclusion .......................................................................................................................... 7


## TABLE OF AUTHORITIES

*Cases*                                                                                                           *Page(s)*

*Aetna Cas. and Sur. Co. v. Aniero Concrete Co.*,
    404 F.3d 566 (2d Cir. 2005)..................................................................................................2

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
    493 F.3d 87 (2d Cir. 2007)....................................................................................................4

*Barrows v. Forest Labs., Inc.*,
    742 F.2d 54 (2d Cir. 1984)....................................................................................................3

*Bell Atlantic Corp. v. Twombly*,
    ___ U.S. ___, 127 S.Ct. 1955 (2007)...........................................................................4, 5, 6

*Cartier, Inc. v. Four Star Jewelry Creations, Inc.*,
    No. 01 Civ. 11295, 2004 WL 169746 (S.D.N.Y Jan. 28, 2004).........................................3

*Cerveceria Modelo, S.A. de C.V. v. USPA Accessories LLC*,
    No. 07 Civ. 7998, 2008 WL 1710910 (S.D.N.Y. Apr. 10, 2008)(Baer, J.) .......................4

*Chepak v. Walden University*,
    No. 06 Civ. 7865, 2008 WL 508586 (S.D.N.Y. Feb. 26, 2008) .........................................4

*Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*,
    282 F.3d 83 (2d Cir. 2002)....................................................................................................3

*Evans v. Syracuse City Sch. Dist.*,
    704 F.2d 44 (2d Cir. 1983)....................................................................................................3

*Foman v. Davis*,
    371 U.S. 178 (1962)...............................................................................................................2

*Grace v. Rosenstock*,
    228 F.3d 40 (2d Cir. 2000)....................................................................................................3

*Iqbal v. Hasty*,
    490 F.3d 143 (2d Cir. 2007)..................................................................................................4

*James v. United States*,
    No. 99 Civ. 4238, 2003 WL 22149524 (S.D.N.Y. Sept. 17, 2003)....................................2

*Kavowras v. New York Times Co.*,
    No. 00 Civ. 5666, 2004 WL 1672473 (S.D.N.Y. 2004)(Baer, J.) .....................................2

*Cases*                                                                                                                                    *Page(s)*

*Morales v. New Valley Corp.*,
    968 F. Supp. 139 (S.D.N.Y. 1997)..................................................................................2

*Oneida Indian Nation of New York State v. County of Oneida, N.Y.*,
    199 F.R.D. 61 (N.D.N.Y. 2000).......................................................................................7

*Prudential Ins. Co. of Am. v. BMC Indus., Inc.*,
    655 F. Supp. 710 (S.D.N.Y.1987)..................................................................................2

*SCS Commc'ns, Inc. v. Herrick Co.*,
    360 F.3d 329 (2d Cir. 2004)............................................................................................2

*Sharma v. Skaarup Ship Mgmt. Corp.*,
    916 F.2d 820 (2d Cir. 1990)............................................................................................5

*State Trading v. Assuranceforeningen Skuld*,
    921 F.2d 409 (2d Cir. 1990)............................................................................................7

*Utility Metal Research, Inc. v. Coleman*,
    No. 03 CV 1463, 2008 WL 850456 (E.D.N.Y. Mar. 28, 2008) ......................................5

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
    401 U.S. 321 (1971)........................................................................................................2


*Statutes & Other Authorities*

Fed. R. Civ. P. 12(b)(6)..........................................................................................................2, 3

Fed. R. Civ. P. 15(a) .................................................................................................................2

Defendants and counterclaimants Hestia Holdings, LLC, Eateries, Inc., and Fiesta Holdings, Inc. (collectively, "Purchasers") respectfully submit this memorandum of law in opposition to Sellers' Motion for Leave to File an Amended Complaint.

## Preliminary Statement

In December 2006, Purchasers bought from Sellers certain restaurant businesses, for which Purchasers paid over $30 million (the "Transaction"). Pursuant to the merger agreement governing the Transaction, Sellers were potentially entitled to certain additional contingent compensation based on the 2006 performance of the businesses, once that performance could be determined through audited financial statements. Before those payments were made, however, it became clear that Sellers had engaged in a pervasive scheme to manipulate the financial condition of the restaurant businesses (thereby maximizing the contingent compensation) while at the same time stripping those businesses of assets for their own personal gain. Having discovered this, Purchasers declined to make any contingent payments beyond those they had already made. On November 8, 2007 Sellers filed a Complaint in this Court seeking declaratory judgment that additional contingent compensation was owed, and on November 29, 2007 Purchasers filed their Answer and Counterclaims detailing Sellers' numerous acts of financial malfeasance and fraud, and seeking redress for that conduct.

Apart from an exchange of initial disclosures (which took place at the beginning of February) there has been no additional discovery since that time. Nonetheless, six months after the filing of Purchasers' Counterclaims, and having received *no* information that they did not have on day one, Sellers have suddenly decided to amend their Complaint to add a purported claim for "Tortious Interference" against a party new to the action. Leaving aside the fact that this is a fairly transparent delay tactic given that the alleged claims could have been made any

time in the last six months, Sellers cannot possibly articulate any good-faith basis for their claim that could withstand a Rule 12(b)(6) motion to dismiss. Further, because the Court has set a discovery cut-off of July 31, 2008 the addition of a new party and new claims to the case at this late date will substantially prejudice Purchasers by increasing the required discovery in the already compressed discovery schedule. As Sellers' motion for leave to amend is not made in good faith, and is in any event futile, Purchasers respectfully request that it be denied.

## Argument

Following the service of a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Although "[t]he court should freely give leave when justice so requires," *id.*, "[i]t is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *SCS Commc'ns, Inc. v. Herrick Co.*, 360 F.3d 329, 345 (2d Cir. 2004), *citing Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). Leave to amend should be denied in instances of undue delay, bad faith, dilatory tactics, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Aetna Cas. and Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603 (2d Cir. 2005); *Morales v. New Valley Corp.*, 968 F. Supp. 139, 140 (S.D.N.Y. 1997).

Leave to amend will be denied as futile where the proposed new claim cannot withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Kavowras v. New York Times Co.*, No. 00 Civ. 5666, 2004 WL 1672473, at *5 (S.D.N.Y. 2004)(Baer, J.)("Kavowras' motion for leave to amend must be denied because '[a] proposed amendment is futile when it fails to state a claim'", *quoting James v. United States*, No. 99 Civ. 4238, 2003 WL 22149524, at *3 (S.D.N.Y. Sept. 17, 2003)); *Prudential Ins. Co. of Am. v. BMC Indus., Inc.*, 655 F. Supp. 710, 711 (S.D.N.Y.1987)("Although leave to amend 'shall be freely given,' it is inappropriate to grant

2

leave when the amendment would not survive a motion to dismiss."); *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6).").

Leave to amend will also be denied if it is sought after inordinate delay and will involve substantial prejudice to the non-moving party, including "difficulty in defending a lawsuit because of a change in tactics or theories on the part of the movant". *Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, No. 01 Civ. 11295, 2004 WL 169746, at *3 (S.D.N.Y Jan. 28, 2004); *Grace v. Rosenstock*, 228 F.3d 40, 53-54 (2d Cir. 2000)(same). "[T]he longer the period of unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983). Such delay is also indicative of bad faith—a separately sufficient reason to deny leave to amend—particularly when it appears in the context of an ongoing settlement negotiation. Where, as here, the movant evidently seeks to inject new parties or theories into the case "to force a favorable settlement by abusive use of the discovery process", the Court should deny leave to amend on the grounds of bad faith. *Barrows v. Forest Labs., Inc.*, 742 F.2d 54, 58 (2d Cir. 1984).

### A. Sellers' Purported "Tortious Interference" Claim Against CSW Would Not Survive A Motion To Dismiss

Sellers' Proposed Amended Complaint is substantially identical to their original Complaint (which of course did not mention CSW), with the addition of five substantive paragraphs purporting to state Sellers' claim against CSW. These paragraphs assert that there was a valid agreement between Sellers and Purchasers (Proposed Amended Complaint ¶ 16), that CSW knew about it and its terms (¶¶ 17-18), that CSW "maliciously and wrongfully" interfered with the relationship (¶ 19) and that Sellers are entitled to relief (¶ 20). Conspicuously absent

from this pleading is any allegation – indeed any suggestion – of what CSW is alleged to have *done* to interfere with the relationship. In fact, the Proposed Amended Complaint does not contain a single factual allegation of any kind regarding CSW's alleged conduct. The supporting Declaration of Robert M. Travisano ("Travisano Dec."), which purports to lay out additional relevant material, also contains no such allegations. Sellers have made no such factual allegations because they cannot do so; no set of facts Sellers could allege could plausibly support their claim. Under the recent jurisprudence of the Supreme Court, the Second Circuit and this Court, that kind of conclusory pleading cannot survive a motion to dismiss.

In *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007), the Supreme Court held that, in order to survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face".  As this Court recently described the standard: "A motion to dismiss is properly granted when a complaint or counterclaim provides no 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.'" *Cerveceria Modelo, S.A. de C.V. v. USPA Accessories LLC*, No. 07 Civ. 7998, 2008 WL 1710910, at *2 (S.D.N.Y. Apr. 10, 2008)(Baer, J.), *quoting Twombly,* 127 S.Ct. at 1965.[1] Here, Sellers' Proposed Amended Complaint is a model of the kind of pleading rejected in *Twombly*: it is a simple recitation of the black-letter elements of a claim for tortious interference with contract without a single substantive factual allegation even to suggest the conduct on which it purports to be based. In such a case, the claim cannot survive a motion to dismiss. *See*, *Chepak v. Walden University*, No. 06 Civ. 7865, 2008 WL 508586, at *2 (S.D.N.Y. Feb. 26, 2008)(dismissing claims, including tortious interference with contract, as speculative for failure

---

[1] The rejection of conclusory pleading set out in *Twombly* has not been limited to the antitrust context in which it was decided. *Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2007); *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 n. 2 (2d Cir. 2007). This Court has specifically applied the heightened *Twombly* dismissal standard to claims of tortious interference with contract. *Cerveceria Modelo*, 2008 WL 1710910, at *3-*5 (declining to dismiss tortious interference claim under *Twombly* where extensive factual support was pleaded).

4

to "provide specific allegations with respect to [defendant's] actions in connection with the plaintiff's specific claims", *citing Twombly*, 127 S.Ct. at 1974.). An amendment to add such a claim would therefore be futile.

"Under New York law, the tort of intentional interference with contractual relations has four elements: (i) existence of a valid contract; (ii) defendant's knowledge of that contract; (iii) defendant's intentional procurement of the breach of that contract; and (iv) damages caused by the breach." *Utility Metal Research, Inc. v. Coleman*, No. 03 CV 1463, 2008 WL 850456, at *7 (E.D.N.Y. Mar. 28, 2008). Vague factual allegations (or no allegations at all) relating to any of these are fatal to the claim. *Id.* ("Plaintiffs' amended complaint makes vague references to alleged contracts between plaintiffs and their clients, but provides no factual allegations as to the terms of those contracts, how they were breached, or how any of the defendants procured a breach. Vague references to an intentional course of conduct are insufficient to sustain their claims."). Here Sellers' allegations of the existence of their contract are clear enough, but they offer no allegations at all regarding how CSW purportedly "procured the breach" of that contract.

Further, under New York law, Sellers must allege that CSW was the *sole* or "but for" cause of Purchasers' alleged failure to pay the earnout. *Sharma v. Skaarup Ship Mgmt. Corp.*, 916 F.2d 820, 828 (2d Cir. 1990)("As to the tortious interference claim against Skaarup, the district court properly dismissed Count III of the amended complaint for failure to allege that Skaarup's actions were the 'but for' cause of Chemical Bank's alleged breach of the Settlement Agreement. . . . A plaintiff must allege that 'there would not have been a breach but for the activities of defendants.'"). Sellers cannot possibly suggest that, given the ongoing scheme of financial malfeasance uncovered by Purchasers, Purchasers' failure to pay the earnout was

5

somehow procured solely by CSW. In fact it was a natural consequence of the facts discovered by the Purchasers. Because Sellers cannot (and certainly do not) alleged even those minimal facts necessary to "nudge" their purported claim "across the line from conceivable to plausible", *Twombly*, 127 S. Ct. at 1974, the claim cannot survive a motion to dismiss and their motion to amend should be denied as futile.

**B.   Sellers' Proposed Amendment Is Made In Bad Faith And After Undue Delay**

Sellers filed their Proposed First Amended Complaint on May 29, 2008, more than six months after the filing of the initial Complaint. During that time, the parties exchanged Rule 26 Initial Disclosures, and Sellers submitted a motion to dismiss several counts of the Counterclaim, but there was no fact discovery of any kind. (*See* Travisano Dec. ¶¶ 15-16.) Instead, the parties spent the time in settlement discussions, which have not to date been successful. (*Id.* at ¶¶ 17-18.) Yet, having learned nothing new since the day they filed their original Complaint, Sellers have waited until the last possible day (pursuant to the Court's scheduling order), to attempt to add new parties and a new legal theory to the case. *See id.* at ¶ 19. Plaintiff Sellers have done so with full knowledge of the Court's firm discovery cutoff date of July 31, 2008, and of the Court's recent statement that it intends to enforce that date. (Court's Memo-Endorsed Order dated June 2, 2008). The only possible reason for this last-minute change in strategy by Sellers is to attempt to create an additional burden on Purchasers in an effort to improve their settlement position.

In the context of the compressed discovery schedule in this case, the Sellers' longstanding knowledge of all the relevant facts, and the total lack of any factual allegations supporting their purported new claim in their Proposed Amended Complaint, the Court should recognize the proposed amendment as an effort to secure a tactical advantage. As such, leave should be denied regardless of any issue of delay or prejudice, on the separate basis of bad faith.

"A finding that a party is seeking leave to amend solely to gain a tactical advantage, also supports a finding that such an amendment is made in bad faith." *Oneida Indian Nation of New York State v. County of Oneida, N.Y.*, 199 F.R.D. 61, 80 (N.D.N.Y. 2000), *citing State Trading v. Assuranceforeningen Skuld,* 921 F.2d 409, 417-18 (2d Cir. 1990). In this case, Sellers' conduct will prejudice Purchasers by opening a new line of inquiry and adding substantial additional discovery to the very short discovery period set by the Court. More importantly, however, there is simply no reason for Sellers to have waited six months to interpose these claims and add CSW as a party and their failure to do so earlier betrays their intention to use the additional, frivolous claim as a tactical maneuver. That bad faith offers an additional reason, along with the fundamental futility of the proposed amendment, to deny the requested leave to amend.

## Conclusion

For the reasons set forth above, Defendants respectfully request that the Court deny Plaintiffs' Motion for Leave to Amend their Complaint.

Dated: New York, New York
June 11, 2008

DEWEY PEGNO & KRAMARSKY LLP

By:  /s/ Stephen M. Kramarsky
    Thomas E. L. Dewey (TD-6243)
    Stephen M. Kramarsky (SK-6666)

220 East 42nd Street
New York, New York 10017
(212) 943-9000

*Attorneys for Defendants and Counterclaimants*